UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER N.,

                Plaintiff,

v.                                                            5:18-CV-957 (BKS/TWD)

ANDREW SAUL, COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

OLINSKY LAW GROUP                     EDWARD A. WICKLUND, ESQ.
 *Counsel for Plaintiff*
250 South Clinton Street, Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.         DANIELLA M. CALENZO, ESQ.
    OFFICE OF REG. GEN. COUNSEL REG. II
 *Counsel for Defendant*
26 Federal Plaza – Room 3904
New York, New York 10278

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT RECOMMENDATION

      On October 28, 2015, an administrative law judge ("ALJ") with the Social Security Administration ("Defendant" or the "Commissioner") issued a written decision denying Jennifer N.'s ("Plaintiff") application for Social Security benefits. (Dkt. No. 1 at ¶ 20.) The ALJ's decision included a cover letter explaining the process to seek the Appeal Council's ("AC") review. To that end, because Plaintiff's case had previously been remanded from federal court for further proceedings, the cover letter informed Plaintiff she had thirty days to file "written exceptions" with the AC or seek more time to do so. (Dkt. No. 20 at 12.) Plaintiff failed to file

written exceptions or ask for an extension within the allotted timeframe. However, sixty days after the ALJ's decision, on December 29, 2015, Plaintiff faxed a "Request for Review" to the AC. *Id*. at 33.

Evidently, Plaintiff failed to recognize the ALJ's October 28, 2015, decision was after federal court remand and not on an initial application for benefits.[1] To that end, "written exceptions" follow an ALJ's decision after federal court remand and a "request for review" follows an ALJ's decision regarding an initial application for benefits. The distinction between submitting "written exceptions" to the ALJ's decision versus a "request for review" is more than semantic because different procedures and deadlines apply. The relevant differences include: (1) the method and timing to appeal the ALJ's decision; and (2) the triggering event to determine what is the "final decision" of the Commissioner. *Cf.* 20 C.F.R. §§ 404.968, 404.981, 422.210 *with* 20 C.F.R. § 404.984.

Specifically, on an individual's initial application for disability benefits, the claimant has *sixty days* from receipt of the ALJ's decision to file a request for review with the AC. 20 C.F.R. § 404.968(a)(1). Thereafter, the Commissioner's "final decision" arises in two circumstances. First, the decision of the ALJ becomes the final decision of the Commissioner if the AC denies the individual's request for further review. 20 C.F.R. §§ 404.981, 422.210(a). Second, if the AC decides to review the individual's claim, that decision becomes the final decision of the Commissioner. *Id*. In either instance, the AC must take some action—either denying review or issuing its own decision—before the individual is considered to have exhausted his or her

---

[1] The ALJ's October 28, 2015, decision considered Plaintiff's original application remanded by the District Court and an application for benefits filed after the original case went to federal court. (Dkt. No. 20 at 8.) The AC considered the new claim a "duplicate" of the remanded claim and consolidated both cases. *Id*. The parties have not discussed whether this distinction makes a difference regarding what regulations to apply. Notably, the "Notice of Decision" accompanying the ALJ's decision included procedures relevant to a remand case. *Id*. at 12-14. Thus, the Court will apply the remand procedures.

administrative remedies and may seek judicial review in federal court. *See id*. Importantly, if an individual files an untimely request for review, the AC is required to consider whether she or he had good cause for the late filing. *See* 20 C.F.R. § 416.1468; Hearings and Appeals Litigation and Law Manual, ("HALLEX") I-3-1-1(E), "Filing a Request for Review."[2]

On the other hand, following federal court remand and a new unfavorable decision from the ALJ, a claimant has just *thirty days* to file "written exceptions" or request more time to do so. 20 C.F.R. § 404.984(b). When there are no written exceptions filed within the appropriate timeframe, the ALJ's decision on remand becomes the final decision of the Commissioner unless the AC assumes jurisdiction of the case within sixty days after the date of the ALJ's new decision. 20 C.F.R. § 404.984(a), (c). Notably absent from the regulations considering cases on remand is any method to allow the AC to consider untimely written exceptions.[3]

Here, Plaintiff's case was on remand, she did not timely file written exceptions to the ALJ's decision, and the AC did not assume jurisdiction within sixty days. Thus, the ALJ's

---

[2] The HALLEX is available online at http://www.socialsecurity.gov/OP_Home/hallex/I-01/I-1-0-1.html. The purpose of the HALLEX is to provide procedural guidance and information to ALJ and hearing offices. *See* HALLEX I-1-0-1.

[3] The absence of a procedure to consider untimely written exceptions makes sense in the regulatory scheme. For cases on remand, the ALJ's decision becomes a "final decision" automatically (if the AC does not assume jurisdiction) on the 61st day if written exceptions are not filed or are not timely filed. *See* 20 C.F.R. § 404.984(d). In those circumstances, the ALJ's decision denying benefits constitutes the final decision for purposes of 42 U.S.C § 405(g) jurisdiction. *See Petty v. Astrue*, 550 F. Supp. 2d 1089, 1096 (D. Ariz. 2008) (holding an ALJ's decision after remand was the final decision where the individual's written exceptions were withdrawn). In contrast, on an initial application, the individual *must* file a *timely* request for review to exhaust his or her administrative remedies. *Rivera v. Apfel*, No. 01 CIV. 0752 (NRB), 2001 WL 699065, at *2 (S.D.N.Y. June 21, 2001) (noting "a timely request for review by the Appeals Council is required for exhaustion of administrative remedies"); *Smith v. Schweiker*, 709 F.2d 777, 780 (2d Cir. 1983) (holding that where a claimant has not received a "final decision" from the Commissioner, his claim for benefits is unexhausted and a federal district court is without subject matter jurisdiction to review it). Thus, the "good cause" procedure on initial applications helps preserve an individual's right to judicial review if the request for review is untimely whereas a timing mistake is harmless for cases on remand because the ALJ's decision becomes final by operation of law.

decision automatically became the final decision of the Commissioner on the 61st day after the ALJ's decision.  20 C.F.R. § 404.984(d); *Harris v. Colvin*, No. 3:15-cv-05575-RBL, 2015 WL 9302910, at *1 (W.D. Wash. Dec. 18, 2015) ("[t]he Appeals Council's inaction triggers the finality of the decision (without need for any mailing of a notice of final decision), and a claimant then has sixty days from that date to commence a civil action.").  Thereafter, Plaintiff had 60 days to challenge the final decision in federal court.  *See* 42 U.S.C. § 405(g).  Plaintiff did not do so.

Instead, Plaintiff engaged in a protracted back-and-forth with the Commissioner based on the incorrect assumption that procedures regarding review of an initial application applied.[4]  This dispute has materialized into the current action.  Specifically, Plaintiff accuses the AC of wrongfully declining to consider her untimely appeal of the ALJ's decision.  (Dkt. No. 1 at ¶ 54.)  According to Plaintiff, the AC was required to consider whether she had "good cause" to miss the deadline to appeal the ALJ's decision but the AC failed to do so.  Thus, Plaintiff seeks a writ of mandamus requiring the AC to consider whether she has shown "good cause" for missing the deadline to request review.  *Id*. at ¶ 55.

However, as Defendant points out and as recounted above, the "good cause" standard is only found in the regulations related to initial applications and is *irrelevant* to an ALJ's decision after federal court remand.  (Dkt. No. 17 at 6-10.)  Plaintiff's writ of mandamus—like her original attempt to challenge the ALJ's decision—is based on an application of the wrong regulations.  Accordingly, the Court recommends denying and dismissing her writ of mandamus.

The Court also notes the Commissioner provided Plaintiff with proper notice regarding her rights.  (Dkt. No. 20 at 12-14.)  Specifically, the "Notice of Decision" accompanying the ALJ's decision informed her she had 30 days to submit written exceptions.  *Id*. at 12-13.  The

---

[4]  The communication between Plaintiff and the AC is documented at Dkt. No. 20.

notice also explained that the AC may review the ALJ's decision on its own, but if it chose not to do so, the ALJ's decision "will become final on the 61st day following the date of this notice." *Id*. at 13.  Thereafter, Plaintiff would have sixty days to file an action in federal court. *Id*.  In sum, the Notice of Decision provided a detailed, succinct, and accurate description of the process Plaintiff was required to follow to appeal the ALJ's decision or initiate a timely lawsuit in federal court.

Plaintiff argues the Commissioner is to blame for her inability to recognize her mistake regarding the applicable regulations. (Dkt. No. 21 at 2-6.)  According to Plaintiff, the AC's delay to explain why her untimely and inapplicable "request for review" was not accepted barred her from discovering her error.  Plaintiff's argument is not persuasive.  For one, the Commissioner's putative culpability is irrelevant to whether the Court should issue a writ of mandamus.  "A writ of mandamus is appropriate where the defendant owes a plaintiff a clear, nondiscretionary duty, and all other avenues of relief have been exhausted." *Ciccone v. Apfel*, 38 F. Supp. 2d 224, 226 (E.D.N.Y. 1999).  Here, the relevant issue is: did the Commissioner owe Plaintiff a duty to consider whether she had "good cause" to file late written exceptions? (Dkt. No. 1 at ¶¶ 53-54.)  The dialogue between the parties has nothing to do with the Commissioner's putative nondiscretionary duty in this case.  As discussed above, because the Commissioner was not obligated to consider Plaintiff's tardy filing under any circumstance, she is not entitled to a writ of mandamus and her arguments relative to her other interactions with the Commissioner are a red herring.[5]

---

[5] Moreover, to avoid any error Plaintiff could have heeded the advice of second sentence in the Notice of Decision: "Please read this notice and my decision." (Dkt. No. 20 at 12.)  The Commissioner's Notice of Decision also stated it would "not send [Plaintiff] any more notices about your right to file in Federal district court." *Id*. at 13.  Plaintiff's counsels' error was not, as they contend, a "minor mistake." (Dkt. No. 21 at 9.)  Indeed, it was not even a "calendaring" mistake. *Id*.  Rather it involved apparently not recognizing the different procedures for cases on remand from federal court and for cases on initial application.  The mistake was critical and

In her reply, Plaintiff attempts to move the target of her writ of mandamus and argues the AC also failed to respond to her request to have more time to sue in federal court. (Dkt. No. 21 at 6-8.) However, this was not the original basis for her writ of mandamus and was not the focus of her dispute with the administrative agency. Thus, the argument is undeveloped and not a basis to issue a writ of mandamus.[6]

Finally, *Smith v. Berryhill*, __ U.S. __, 139 S. Ct. 1765 (2019), does not apply to this case. The plaintiff in *Smith* could not seek judicial review of his unfavorable disability determination because the Commissioner declined to consider his untimely request for review meaning he did not technically possess a "final decision" to challenge in federal court. The Court held that the Commissioner's decision to dismiss an untimely "request for review" was a "final decision" subject to judicial review. *Id*. at 1780.

Here, because this matter deals with a case on remand, the ALJ's October 28, 2015, decision was—by operation of law—a "final decision" subject to judicial review. As the Notice of Decision explained, Plaintiff could file written exceptions or the AC could assume jurisdiction on its own, but absent either of those circumstances, the ALJ's decision automatically became the Commissioner's final decision and Plaintiff was then able to initiate an action in federal court. (Dkt. No. 20 at 12-14.) In other words, unlike the plaintiff in *Smith*, Plaintiff was free to seek judicial review because the ALJ's decision was a "final decision" subject to judicial review sixty days after it was received.

---

reading the Notice of Decision could have avoided it entirely.

[6] The AC's failure to respond to such a request may be relevant should Plaintiff attempt to belatedly file a standard action challenging the Commissioner's final decision denying her benefits under 42 U.S.C. § 405(g). Notably, failure to comply with the applicable statute of limitations in those cases is an affirmative defense that is subject to equitable considerations. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). The Court expresses no opinion as to whether such an attempt to belatedly file an original action would be successful.

In light of the foregoing, the Court finds Plaintiff is not entitled to a writ of mandamus.

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's petition for a writ of mandamus (Dkt. No. 1) be **DENIED AND DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: March 17, 2020
      Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge