UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER N.,

                            Plaintiff,                  5:18-cv-0957 (BKS/TWD)

v.

ANDREW SAUL, *Commissioner of Social Security*,

                            Defendant.
_____

**Appearances:**

*For Plaintiff:*
Edward A. Wicklund
Olinsky Law Group
250 South Clinton Street
Ste 210
Syracuse, NY 13202

*For Defendant:*
Daniella M. Calenzo
Social Security Administration
Office of Regional General Counsel
Region II
26 Federal Plaza – Room 3904
New York, NY 10278

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.  INTRODUCTION**

    Presently before the Court is Plaintiff's petition for writ of mandamus filed on August 10, 2018. (Dkt. No. 1). The parties have filed responsive briefing. (Dkt. Nos. 17, 20, 21, 25). This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks who, on March 18, 2020, issued a Report Recommendation recommending that Plaintiff's petition for a writ of mandamus be denied and dismissed (Dkt. No. 27). Plaintiff has filed timely objections. (Dkt.

No. 28).  For the reasons set forth below, the Report Recommendation is adopted in its entirety.

## II.   STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "A proper objection is one that identifies the specific portions of the [report recommendation] that the objector asserts are erroneous and provides a basis for this assertion."  *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted).  Properly raised objections must be "specific and clearly aimed at particular findings" in the report.  *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).  Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error.  *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011).

## III.   DISCUSSION

### A.   The Petition and the Response

This action arises out of Plaintiff's attempt to obtain review of an October 28, 2015 decision by an administrative law judge (ALJ) denying her application for social security benefits.  In her petition, Plaintiff alleges that she submitted a request for review of the ALJ's decision to the Appeals Council, and that after she learned that the request was not timely filed, she filed a motion to vacate on the ground that the Appeals Council wrongfully declined to consider her untimely appeal.  (Dkt. No. 1, ¶¶ 22, 23, 54).  The Appeals Council did not rule on Plaintiff's motion to vacate.  (*Id.* ¶ 51).  Plaintiff filed this writ seeking to compel the Commissioner to "issue a decision on [Plaintiff's] motions to vacate," and to "apply the proper

legal principles," that is to decide "whether the explanation for the untimely filing" "constitutes 'good cause.'" (*Id.* ¶ 59(C)).

The Commissioner responded to the petition, arguing that it should be denied because the Commissioner "has already fulfilled all duties owed" to Plaintiff. (Dkt. No. 17 at 1). The Commissioner asserted that the "petition is premised on a misunderstanding of the agency regulations," and that the applicable regulations "do not require an evaluation of good cause." (*Id*. at 5). The Commissioner noted that the ALJ's decision followed a court remand, and cited to the specific regulations applicable to ALJ decisions following a court remand. (*Id.* at 2). Under these regulations, a claimant has thirty days from the ALJ's decision to file written exceptions or request more time to do so. (*Id.*). An ALJ decision becomes the final decision, subject to judicial review, on the 61st day following the date of the ALJ's decision, unless the claimant has filed written exceptions or the Appeals Council on its own reviews the ALJ's decision. (*Id.*). *See* 20 C.F.R. §§ 404.984, 416.1484. The Commissioner noted that Plaintiff was properly informed of these deadlines in the ALJ's October 28, 2015 notice of unfavorable decision; that Plaintiff failed to file timely exceptions or a timely civil action; and that the Plaintiff's petition relies on the wrong procedures—the procedures applicable to an ALJ decision following an initial application for benefits. (Dkt. No. 17, at 7–10).

B.     **Report Recommendation**

Magistrate Judge Dancks agreed with the Commissioner's analysis of the regulations, noting that "[e]vidently Plaintiff failed to recognize the ALJ's October 28, 2015, decision was after federal court remand and not on an initial application for benefits." (Dkt. No. 27, at 2). "[D]ifferent procedures and deadlines apply" to decisions after federal court remand. (*Id.*). Applying the applicable regulations, Magistrate Judge Dancks concluded that the ALJ's decision became the final decision of the Commissioner on the 61st day after the decision because the

3

Plaintiff "did not file timely exceptions to the ALJ's decision" and the Appeals Council "did not assume jurisdiction within sixty days." (*Id.* at 2–4). Plaintiff then had 60 days to challenge the final decision in federal court, and did not do so. (*Id.* at 4). Magistrate Judge Dancks noted that the "good cause" standard relied upon by Plaintiff "is only found in the regulations related to initial applications and is *irrelevant* to an ALJ's decision after federal court remand." (*Id.*). "[B]ecause the Commisioner was not obligated to consider Plaintiff's tardy filing [of exceptions] under any circumstances," Magistrate Judge Dancks concluded that Plaintiff was not entitled to a writ of mandamus. (*Id.* at 5).

Magistrate Judge Dancks rejected Plaintiff's argument, in her reply brief, that the Appeals Council also failed to respond to her request for more time to file an action in federal court. (*Id.* at 6). Noting that Plaintiff made this argument in her reply brief, "attempt[ing] to move the target of her writ of mandamus," Magistrate Judge Dancks found that "this was not the original basis for her writ of mandamus," and that the argument "was undeveloped and not a basis to issue a writ of mandamus." (*Id.*). Finally, Magistrate Judge Dancks concluded that the Supreme Court's decision in *Smith v. Berryhill*, 139 S. Ct. 1765 (2019) "does not apply to this case." (*Id.*).

    **C.**    **Standard for Issuance of a Writ of Mandamus**

This Court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform *a duty owed to the plaintiff*." 28 U.S.C. § 1361 (emphasis added). "[M]andamus is an extraordinary remedy, intended to aid only those parties to whom an official or agency owes 'a clear nondiscretionary duty.'" *Escaler v. U.S. Citizenship & Immigration Servs.*, 582 F.3d 288, 292 (2d Cir. 2009) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). A party seeking a writ of mandamus

4

must show a "clear and indisputable' right" to its issuance. *Id.* (quoting *Miller v. French*, 530 U.S. 327, 339 (2000)).

### D. Discussion

Plaintiff acknowledges that she did not timely file exceptions with the Appeals Council. (Dkt. No. 28, at 3). She has not objected to Magistrate Judge Dancks' application of the regulations governing the review of ALJ decisions following court remand. Having reviewed those determinations for clear error and found none, the Court adopts that analysis. The Court thus finds that the ALJ's decision became the final decision of the Commissioner on December 28, 2015, and that the last date for Plaintiff to seek federal judicial review of that decision was February 27, 2016. (*See* Dkt. No. 25 at 2). The Commissioner provided Plaintiff with proper notice regarding her rights, including the time limit to file written exceptions with the Appeals Council and the time limit for filing an action in federal district court. (Dkt. No. 27 at 4–5; Dkt. No. 20, at 12–13). Plaintiff's December 29, 2015 letter to the Appeals Council, seeking information from the file and asking for twenty-five days to submit a memorandum of law and facts to the Appeals Council was filed after the deadline had passed for written exceptions, and after the ALJ's decision had become final. Plaintiff's motion to vacate, or in the alternative to obtain more time to file an action in federal court, was filed on March 29, 2016, after the time for a federal lawsuit had expired. (Dkt. No. 20 at 36).

In her objections Plaintiff argues that Magistrate Judge Dancks failed to consider Plaintiff's argument that the Appeals Council had "a duty to process Plaintiff's untimely request for review immediately upon receipt and send out an appropriate letter informing Plaintiff of her untimely filing." (Dkt. No. 28, at 1). Plaintiff also argues that the Appeals Council owed her a duty to rule on her request for an extension of time to file a civil action. (*Id.* at 3–4). Plaintiff argues that, contrary to Magistrate Dancks' conclusion that this "was not the original basis for

5

her writ of mandamus" and was "undeveloped," her claim was "laid out in Plaintiff's petition" and "fully developed." (*Id.*).  Finally, Plaintiff objects to Magistrate Judge Dancks' determination that the Supreme Court's decision in *Smith*, 139 S. Ct. 1765, does not apply to this case.

Reviewing these objections *de novo*, the Court finds that the arguments Plaintiff raised in her reply brief regarding a duty to rule on her request for more time in a civil action and a duty to notify Plaintiff of her untimely request for review were not the original basis for her petition for a writ of mandamus.  The petition is based on the Appeals Council's alleged duty to consider whether Plaintiff had good cause for an untimely request for review of the ALJ's decision.  (Dkt. No. 1).  The petition asserted that the "duty owed to the Plaintiff is based upon Agency policy which only permits the Appeals Council to dismiss a request for review if good cause for an untimely filing is not established, and the Council has refused to issue a determination of whether good cause exists in this matter." (*Id.* ¶ 54).  The petition thus asked the Court to order the agency to "issue a decision on the motion to vacate" and "make a ruling on whether good cause existed." (*Id.* ¶¶ 56, 59(C)).  While the petition detailed the history of Plaintiff's dealings with the agency, it did not assert that the agency owed Plaintiff a duty to rule on her request for more time to file a civil action or a duty to notify her that her request for more time to respond to the ALJ decision was untimely.  (Dkt. No. 1).  It did not seek any Court order related to those alleged duties. Plaintiff raised these arguments in reply to the Commissioner's response to the petition, which cited the applicable regulations, establishing that for untimely filing exceptions to ALJ decisions following court remand the Commissioner does not have a duty to provide a decision on good cause.  (Dkt. No. 21).

Plaintiff objects to Magistrate Judge Dancks' determination that the petition was not based on the agency's failure to rule on her request for more time to file a civil action. Plaintiff argues that "the focus of Plaintiff's dispute with the agency has always been the way the Appeals Council handled this matter, making numerous errors and refusing to act in any way." (Dkt. No. 28 at 3). The remedy of mandamus is, however, available "to aid only those parties to whom an official or agency owes 'a clear nondiscretionary duty.'" *Escaler*, 582 F.3d at 292. Here the Commissioner did not owe Plaintiff the alleged duty that was the subject of the relief sought in the petition for mandamus. The petition cannot fairly be read as encompassing the requests for relief Plaintiff asserted in her reply brief.[1]

Finally, the Court concurs with Magistrate Judge Dancks' determination that *Smith* is not applicable here. The issue in *Smith* was whether there was federal jurisdiction to review an Appeals Council decision dismissing, as untimely, a petition for review of an ALJ decision. 139 S. Ct. at 1772–73. The Sixth Circuit held that the Appeals Council decision was not a "final decision" subject to federal judicial review under 42 U.S.C. § 405(g). *Id.* at 1773. The Supreme Court disagreed. *Id.* Considering "the text [of 405(g)], the context, and the presumption in favor of the reviewability of agency action," the Supreme Court held that an Appeals Council's decision dismissing a petition to review a decision made by an ALJ following a hearing on the merits was a "final decision . . . made after a hearing" under § 405(g). *Id..* at 1774. Here, as Magistrate Judge Dancks noted, there is no dispute that there was a final decision subject to judicial review under § 405(g): the ALJ's October 28, 2015 decision automatically became the Commissioner's final decision on December 28, 2015. (Dkt. No. 27, at 3–4, 6). *See* 20 C.F.R.

---

[1] The Commissioner did not consider the writ to have been based on its failure to rule on Plaintiff's request for more time to file a civil action. The Commissioner's response to the petition did not, understandably, address whether the agency had such a duty generally, or in a case where, as here, the request was made after the time for filing a civil action had expired. (Dkt. No. 17).

7

§§ 404.984, 416.1484. *Smith's* statutory construction of "final decision" in § 405(g) is inapposite to any issue here, and Plaintiff's argument that mandamus should issue "[b]ased on the reasoning of *Smith*" is without merit.

## IV.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Dancks' Report Recommendation (Dkt. No. 27) is **ADOPTED** in all respects; and it is further

**ORDERED** that Plaintiff's petition for writ of mandamus (Dkt. No.1) is **DENIED AND DISMISSED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 2, 2020
       Syracuse, New York

_____
Brenda K. Sannes
U.S. District Judge